IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST James A. BEAUDRY, Attorney at Law.

Supreme Court

*No. 94–2158–D. Filed October 10, 1995.*

(Also reported in 537 N.W.2d 671.)

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

PER CURIAM.  We review the recommendation of the referee that Attorney James A. Beaudry be publicly reprimanded for professional misconduct. That misconduct consisted of his failure to act with reasonable diligence and promptness in representing a client in a personal bankruptcy, failing to keep that client reasonably informed of the status of the matter and engaging in conduct involving dishonesty or misrepre-

sentation in his filing of the bankruptcy petition. We determine that the recommended public reprimand is appropriate discipline to impose for that professional misconduct.

Attorney Beaudry was licensed to practice law in Wisconsin in 1978 and practices in Milwaukee county. In 1993, the Board of Attorneys Professional Responsibility privately reprimanded him for neglect of a legal matter.

The referee, Attorney Michael Ash, made the following findings of fact concerning Attorney Beaudry's misconduct in the representation of a client who retained him in June, 1993 to pursue a personal bankruptcy, for which she paid him $450. At her second meeting with him on August 24, 1993, the client signed a voluntary bankruptcy petition that Attorney Beaudry had prepared, which included schedules of debts and assets and other financial information the client had provided him. Three of the client's five signatures on the petition declared "under penalty of perjury" that the information set forth therein was true and correct. Although the client did not herself enter the date she had signed, the referee found that the date of August 24, 1993 had been typed or written next to each of her signatures.

During that meeting, when the client expressed concern that not all of her creditors had been listed on the schedules, Attorney Beaudry told her to obtain a credit report and said he would hold the petition and schedules until he heard from her. The client gave him a credit report on September 10, 1993, that revealed one creditor not previously named on the schedules. Attorney Beaudry told the client he would add the additional creditor to the schedule and that within two or three weeks he would file the bankruptcy petition.

Notwithstanding that he had all of the information needed to file the petition on September 10, 1993, Attorney Beaudry did not file it until November 10, 1993. In the intervening time, Attorney Beaudry and his client never spoke with one another, despite the client's repeated attempts to contact him. The client had received numerous calls from creditors who said they were unaware of her bankruptcy. The client then attempted numerous times to reach Attorney Beaudry by telephone to learn the status of the bankruptcy and went to his office several times but did not get to see him. Attorney Beaudry never contacted his client in response to those inquiries and made no significant effort to do so.

When the client contacted the bankruptcy court in November, 1993 and learned that no petition had been filed, she retained other counsel to represent her. That attorney filed the bankruptcy petition on November 10, 1993, coincidentally the same day Attorney Beaudry filed the client's bankruptcy petition.

The petition Attorney Beaudry filed was generally the same document the client had signed on August 24, 1993 but he added one or two creditors, apparently based on the credit report the client gave him, although he did so without the client's knowledge. Although the client did not have an opportunity to review and verify the contents of the revised petition prior to its filing, Attorney Beaudry altered all of the dates that had been inserted next to his client's signatures to read "11-9-93," making it appear that the client had signed and verified the information on the revised petition. Attorney Beaudry did not inform the client that he had altered the date of her signature and had done nothing to verify that the financial information set forth in the petition was the same as that of two months earlier.

When he filed the petition, the information contained in it was not current.

The filing of two bankruptcy petitions on behalf of the same person on the same day by two different attorneys prompted an inquiry by the bankruptcy judge. Following a hearing at which Attorney Beaudry acknowledged he had changed the dates on the petition signed by his client, the court found that he had not acted diligently and, because of the two months' delay in filing the client's petition, was not entitled to compensation for or reimbursement of any expenses he incurred in her representation. The court dismissed the petition filed by Attorney Beaudry for cause and ordered him to refund to the client the fee she had paid him. Attorney Beaudry complied with that order.

On the basis of those facts, the referee concluded as follows. Attorney Beaudry failed to act with reasonable diligence and promptness in representing this client, in violation of SCR 20:1.3;[1] failed to keep his client reasonably informed of the status of her bankruptcy matter, in violation of SCR 20:1.4(a);[2] and engaged in conduct involving dishonesty or misrepresentation, in violation of SCR 20:8.4(c),[3] by altering the

---

[1] SCR 20:1.3 provides:

**Diligence**
    A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:1.4 provides, in pertinent part:

**Communication**
    (a)  A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[3] SCR 20:8.4 provides, in pertinent part:

**Misconduct**

698

bankruptcy petition to indicate falsely that it had been signed and the financial information in it verified by his client on November 9, 1993, when in fact it was not signed on that date and the client had not verified the financial information in it. As discipline for that misconduct, the referee recommended that the court impose a public reprimand on Attorney Beaudry.

We adopt the referee's findings of fact and conclusions of law concerning Attorney Beaudry's professional misconduct. A public reprimand is the appropriate discipline to impose for that misconduct.

IT IS ORDERED that Attorney James A. Beaudry is publicly reprimanded as discipline for professional misconduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order James A. Beaudry pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay he costs within that time, the license of James A. Beaudry to practice law in Wisconsin shall be suspended until further order of the court.

---

It is professional misconduct for a lawyer to:

. . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;